# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Cape May Real Estate Company, Appellant, v. Henderson.

*Vendor and vendee—Covenants—Default of grantee—Contract.*

1. The clause of forfeiture or termination of the estate, upon the failure of a purchaser or lessee to pay purchase money or rent at the time by the contract required, is presumed to be for the benefit of the grantor or lessor, and as against him no default of the grantee or lessee can release the latter from his covenant to pay, unless the intent of both parties to that effect be made to appear by clear, precise and unequivocal language.

2. Covenants that the contract shall become void, or that the estate shall cease and terminate, on failure by the grantee or lessee to pay at the time specified, are not self-operating and do not make the contract void except at the option of the grantor or lessor.

3. Where a written contract for the purchase of land at a specified price payable in installments provides that in case of default in payment of any one or more of the installments "all rights of the" purchaser "and all his right, title, interest and claim in said described premises shall become null and void . . . ." and all "moneys theretofore paid as well as the premises shall in such event belong to" the vendor "as liquidated damages for the time said property was under the control of" the purchaser, the vendor has the right to elect either to assert and enforce the forfeiture, or to insist upon the performance of the contract.

*Contracts—Deeds—Foreign law—Evidence.*

4. The laws of a foreign country or another state of the union must

be proved as facts, and, in the absence of allegation or evidence to the contrary, must be presumed to be same as that of the forum.

Argued Oct. 19, 1909. Appeal, No. 128, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1909, No. 2,438, for defendant sustaining demurrer to statement in case of Cape May Real Estate Company v. James D. C. Henderson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover installments of purchase money on a contract for the purchase of land.

Demurrer to statement.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining demurrer to statement.

*John G. Johnson,* with him *James Wilson Bayard,* for appellant.—The contract being by its terms a contract for the sale of real estate in New Jersey, should be construed according to the law of the place of performance: Waverly Nat. Bank v. Hall, 150 Pa. 466; Krantz v. Kazenstein, 22 Pa. Superior Ct. 275; Burnett v. Penna. R. R. Co., 176 Pa. 45; Musser v. Stauffer, 192 Pa. 398; Garden City Sand Co. v. Miller, 157 Ill. 225 (41 N. E. Repr. 753); Latrobe v. Winans, 89 Md. 636 (43 Atl. Repr. 829); Brown v. American Finance Co., 31 Fed. Repr. 516; Cox v. United States, 31 U. S. 172; London Assurance Co. v. Companhia de Moagens do Barreiro, 167 U. S. 149 (17 Sup. Ct. Repr. 785).

Under the law of New Jersey the vendor can under contracts such as that here involved enforce the payment by vendee of overdue installments.

Under the law of Pennsylvania the vendor can in such cases enforce the payment of overdue installments: Steele v. Maher, 38 Pa. Superior Ct. 183.

*C. H. Eimerman,* for appellee.—If the parties inserted the liquidated damage clause in order to secure the performance of the contract, either may compel the other to specifically

perform according to their agreement; but if they intended that the contract should oblige them to do one of two things, either to perform, or to pay the liquidated damages, then either party may pay and be free from the obligation to perform: Crane v. Peer, 43 N. J. Eq. 553 (4 Atl. Repr. 72); Brown v. Norcross, 59 N. J. Eq. 427, 431 (45 Atl. Repr. 605).

OPINION BY PORTER, J., March 3, 1910:

The plaintiff filed a statement averring that it had, on March 11, 1907, entered into a written contract with the defendant under the terms of which it agreed to sell and convey and the defendant covenanted to buy and pay for a certain lot of ground at Cape May, New Jersey. A copy of the written agreement was attached to and made part of the statement, and under its provisions the plaintiff agreed to sell and convey the lot described and the defendant covenanted to purchase the same and pay therefor the sum of $1,600, of which sum $160 was to be paid in cash and the balance in instalments of $120, each and every three months following the date of the agreement. The contract contained the following provision upon the construction of which, under the pleadings, this case must turn, viz.: "If default of payment is made of any one or more of said instalments of said principal sum, for a period of thirty days after the expiration of the time herein limited for the payment thereof, or said party of the second part shall fail to perform any other of the agreements on his part herein contained, all rights of the said party of the second part under this agreement, and all his right, title, interest and claim in said described premises shall become null and void; it being expressly stipulated and understood that no process or decree of law or equity shall be necessary to this effect, and all moneys theretofore paid as well as the premises shall in such event, belong to said party of the first part as liquidated damages for the time said property was under the control of the said party of the second part." The statement averred that the defendant, the party of the second part to said agreement, had paid the cash instalment of $160 and the instalment of $120 which became due on June 11, 1907; but that he had wholly failed

and refused to pay the seven quarterly instalments, of like amount, which subsequently became due according to the terms of the contract, and that this action was brought to recover $840, the amount of said instalments in default, with interest thereon at five percentum per annum. The defendant demurred to this statement, assigning as ground of demurrer, "that the contract upon which the suit is brought limits the amount of damages which the plaintiff may recover upon the defendant's breach, to the amount of the instalments he may have paid prior to the breach, and the forfeiture of his interest in the premises;" and quoting the covenant above set forth. The court below sustained the demurrer and entered judgment for the defendant. The plaintiff appeals.

Did the provision of the contract hereinbefore quoted vest in the defendant the right to set up his own default, to work a forfeiture of his own contract? The earlier cases in Pennsylvania might have sustained the position that it did so; those cases were referred to and the history of the departure from the doctrine which they asserted reviewed by Mr. Justice CLARK, in Ray v. Natural Gas Company, 138 Pa. 576. The general rule is that a party cannot take advantage of his own wrong or set up his own default to work a forfeiture of his own contract, unless the contract expressly gives him the right to do so. While parties may contract that on default the contract shall become void at the option of either party, yet such intent in the agreement must be so plain as to be unavoidable in order to sustain such a construction. The clause of forfeiture or termination of the estate, upon the failure of a purchaser or lessee to pay purchase money or rent at the time by the contract required, is presumed to be for the benefit of the grantor or lessor, and as against him no default of the grantee or lessee can release the latter from his covenant to pay, unless the intent of both parties to that effect be made to appear by clear, precise and unequivocal language. Covenants that the contract shall become void, or that the estate shall cease and terminate, on failure by the grantee or lessee to pay at the time specified, are not self-operating and do not make the contract void except at the option of the grantor or lessor, "and

that that legal effect, no matter what form or cumulation of phrases be used, can only be changed by an express stipulation that the contract shall be voidable at the option of either party," is well settled: Cochran v. Pew, 159 Pa. 184. These principles are firmly established by many decisions, a number of which were referred to in the opinion of President Judge Rice in Steele v. Maher, 38 Pa. Superior Ct. 183. The same rule applies to the construction of contracts for the sale of land, or an estate therein, as that applicable to leases. When the contract does not provide by clear, precise and unequivocal language, that the purchaser may terminate it by his own default, such effect will not be given it. The presumption is that the forfeiture clause is for the benefit of the grantor and enforcible at his election. Without such election and action the purchaser will not be released from his obligation to pay: Vito v. Birkel, 209 Pa. 206; Weaver v. Griffith, 210 Pa. 13.

The contract with which we are now dealing did not in express terms provide that it should be terminable at the will of either party, so that the defendant might even terminate it by his own default, nor does it contain anything from which such a covenant could be clearly implied. The clause of forfeiture does not even provide that, upon default by the purchaser the contract should become void or be rescinded. There is no covenant that the defendant should by his default be released from his obligation to pay, nor that the rights of the grantor under the contract should cease. The provision is that, upon default by the defendant, "all rights of the said party of the second part under this agreement, and all his right, title, interest and claim in the said premises shall become null and void;" but there is nothing which clearly indicates that it was the intention of the parties that the defendant should be released from his liability upon the contract. This was manifestly a covenant inserted for the benefit of the grantor, to enable him to secure the performance of the contract. The effect was to give the plaintiff, upon default by the defendant, the right of election, either to assert and enforce the forfeiture or to insist upon performance of the contract. There can be no doubt that, in such a case the grantor may waive the for-

feiture, either expressly or by estoppel arising from acts tending to mislead the grantee: Vito v. Birkel, 209 Pa. 206. The plaintiff having elected to bring this action in affirmance of the contract, the clause of forfeiture can have no effect in determining the rights of the parties. The plaintiff is, under the law of Pennsylvania, entitled to recover.

This contract, it would seem, was to be performed in the state of New Jersey, and counsel in their briefs have referred to decisions of the courts of that state. The case as presented, however, does not permit us to inquire what the law of that state may be. The case must stand upon the pleadings, the statement of the plaintiff and the demurrer of the defendant. The statement contains no allegation as to the law of New Jersey and the demurrer is, of course, barren of any suggestion upon that subject. 'The laws of a foreign country or another state of the union must be proved as facts, and, in the absence of allegation or evidence to the contrary, must be presumed to be the same as that of the forum: Musser v. Stauffer, 178 Pa. 99 and 192 Pa. 398.

The judgment is reversed and judgment is now entered in favor of the plaintiff and against the defendant for $840, with interest thereon at the rate of five percentum per annum from March 11, 1908, with costs.