Tudesco et ux. *v.* Wilson, Appellant.

Argued March 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

reargument refused September 29, 1948.

*Jacob Weinstein,* for appellant.

*Robert H. Malis,* with him *Morton J. Mitosky,* for appellees.

OPINION BY FINE, J., July 23, 1948:

Morris Wilson, appellant, complains of the entry of judgment against him for want of an answer in an action of assumpsit by Ralph Tudesco and Grace, his wife, appellees, to recover a down payment of $1,600.00 as liquidated damages under a written agreement of sale.

Appellees' statement of claim averred, *inter alia*: that on October 23, 1946, they contracted through their agents to sell to appellant premises 1859 East Washington Lane in the City of Philadelphia and that appellant agreed to pay the sum of $16,000.00, in cash; that $1,600.00 was to be paid to appellees on the execution of the agreement and the balance to be "cash at settlement—$14,400.00"; that on the 15th and 23rd of October, 1946, appellant, by checks, paid $500.00 and $1,100.00 respectively, representing the down money stipulated in said agreement; that on October 24th, 1946, the day following execution of the agreement, the appellees deposited the two checks totalling $1,600.00 in the Broad Street Trust Company; that on October 26, 1946, they were notified that appellant had stopped payment on both checks in violation of the terms of the agreement of sale.

The appellees claim the sum of $1,600.00, down payment, as liquidated damages by virtue of paragraph nine of the agreement of sale which provides: "If Buyer defaults in any of the covenants and conditions hereof, the deposit herein mentioned and any other deposits made by Buyer may, at the option of the Seller, be *retained* by the Seller as liquidated damages resulting from said default or in part payment of the consideration for the said premises if Seller elects to enforce this agreement according to law." The agreement also provided: "The Purchaser, hereby authorizes Sherman & Sherman to order Title Insurance, Fire Insurance, to do the Conveyancing, and to secure the Mortgage." Appellant filed an affidavit of defense raising questions of law contending, *inter alia,* that the agreement is "vague,

uncertain, indefinite, ambiguous, repugnant and contradictory;" that the statement of claim fails to set forth facts upon which a legal measure of damages could be predicated; that it fails to aver a willingness on appellees' part to perform according to the tenor of the agreement prior to suit; that action was prematurely instituted. After hearing the demurrer was overruled with leave to appellant to file an answer within twenty days which he failed to do and on January 15, 1948, appellees took judgment for want of an answer. Appellant now appeals from the entry of that default judgment.

Appellant argues that (1) the word *retained* as used in paragraph nine of the agreement of sale cannot be enlarged to mean, *to recover* liquidated damages where, as here, the down deposit was made not in cash, as the agreement provided, but by checks, payment of which were subsequently stopped by appellant; (2) that the above-quoted phrase dealing with procurement of a mortgage for the purchaser is too vague and indefinite to be enforced since the agreement does not disclose any principal sum or rate of interest with respect to the mortgage; and (3) if such provision is enforceable it imposes an obligation on appellees to procure the mortgage for appellant.

Where, in an agreement of sale of real estate, there is a provision for liquidated damages and the vendee repudiates the agreement the vendor is entitled to the sum agreed upon as liquidated damages. *Boyd v. Hoffman*, 241 Pa. 421, 88 A. 675; *Dluge v. Whiteson*, 292 Pa. 334, 141 A. 230; *Sanders v. Brock*, 230 Pa. 609, 79 A. 772. Cf. *Messinger v. Lee*, 163 Pa. Superior Ct. 297, 60 A. 2d 599. By the terms of paragraph nine of the agreement of sale the vendors could at their option (1) tender the deed and sue for the purchase price, see *Heights Land Company v. Swengel's Estate*, 319 Pa. 298, 300, 179 A. 431; *Black v. American International Corporation*, 264 Pa. 260, 107 A. 737; *Keily v. Saunders*, 236 Pa.

593, 85 A. 9; or (2) could retain the deposit as liquidated damages if cash had been paid as agreed by the parties.

There is no merit to appellant's argument that the word *retained* as used in the agreement restricts the liquidated damages to the *retention* of the cash deposit of $1,600.00 contemplated in said agreement, and therefore precludes the present action for breach of contract. When the vendee stopped payment on the checks there was nothing for the vendors to retain. Of course, the vendors could have brought action on the checks had they chosen to do so. But they chose, as was their right, to base this action on vendee's breach of contract of sale and to seek recovery of the sum specified in the liquidated damage clause of the agreement. To bar this action, as vendee would have us do, by his narrow construction of the liquidated damage clause (paragraph nine of the agreement) would do violence to the clear intention of the parties to provide for an effective liquidated damage clause by the use of words which are plain, direct and understandable and would ignore the vital language of the said damage clause. Indeed, it comes with little grace for the vendee to now challenge the vendors' right to such damages especially where the inability to retain the deposit as damages was caused by the act of the vendee. A party cannot take advantage of his own wrongful act or set up his own default to nullify his contract or to work its forfeiture. Cf. *Cape May Real Estate Co. v. Henderson*, 231 Pa. 82, 79 A. 982; *Korman v. Trainer*, 258 Pa. 362, 101 A. 1051. In these circumstances the method of collection of liquidated damages is the only distinction between the right of the vendors to retain their down money upon default by the vendee and the vendors' right to recover the liquidated damages, as provided for in the agreement, for the breach of contract.

In construing a written contract the effect thereof is to be ascertained not solely from the terms of the instrument, but from the real nature and character of the

transaction, giving consideration to all the provisions under which the parties contracted, their situation, relations and any acts indicative of the meaning they ascribe thereto; cf. *Shallcross v. Highway Trailer Co.*, 147 Pa. Superior Ct. 279, 284, 24 A. 2d 71. Such interpretation must not be manifestly absurd but must be "a sensible construction": cf. *Bucks County Construction Co. v. Alliance Insurance Co.*, 162 Pa. Superior Ct. 153, 155, 56 A. 2d 338; and result in a meaning that reasonably intelligent men would attach thereto. Cf. Restatement, Contracts, § 230.

Moreover, had appellees chosen to institute suit directly on the checks (a more appropriate remedy in these circumstances: cf. *Freeman v. Lieberman*, 52 Pa. Superior Ct. 426) instead of, as here, proceeding in assumpsit for liquidated damages for breach of contract, the record clearly discloses that no valid defense could have been interposed by appellant: *Vrooman v. Milgram*, 124 Pa. Superior Ct. 145, 148, 188 A. 538.

Appellant's contention that the provision contained in the agreement regarding the procuring of the mortgage established an obligation upon the vendors to procure a bond and mortgage for the vendee-appellant and that the contract is too vague and indefinite, is equally without merit. As between the vendee and vendors the agreement contemplated a cash transaction. The obvious purpose of the mortgage clause set out above was to create a relation of principal and agent between Sherman & Sherman and the appellant for the purpose of performing services relating to financing by way of bond and mortgage and to enable the agent to receive a commission thereon. The provision was not intended to thrust upon the vendors the obligation to perform such services for the vendee where it clearly appears that as between them the transaction was to be cash. There is no objection to Sherman & Sherman acting as agents for the vendors as to some matters and as agents for the vendee as to other matters, where a full and com-

plete disclosure is made of the dual capacity of the agents and consent so to act indicated by the parties involved.

Furthermore, a consideration of appellant's contention relating to the so-called mortgage procurement clause and appellees' alleged unwillingness to perform by tender of a deed is unnecessary to the conclusion reached, since the record clearly discloses that appellant, without legal excuse, breached the agreement and failed to perform, i. e., by stopping payment of checks in lieu of an initial cash deposit on the purchase price. Cf. *Farrell v. H. Platt Co.*, 142 Pa. Superior Ct. 242, 15 A. 2d 718; *Hocking v. Hamilton*, 158 Pa. 107, 116, 27 A. 836.

Appellant's complaint that the present action was prematurely instituted because it was brought before the date for settlement had arrived overlooks the fact that the breach by appellant justified appellees in instituting suit to recover the liquidated damages due without waiting until the time for settlement. Cf. *Weldon & Kelly Company v. Pavia Company*, 354 Pa. 75, 81, 46 A. 2d 466; *Hocking v. Hamilton*, 158 Pa. 107, 116, 27 A. 836.

Judgment affirmed.