Opinion by
 

 Dithrich, J.,
 

 This appeal is from the discharge of a rule to show cause why a judgment by confession should not be opened. The judgment was entered on a note given by appellants in part payment for premises which they had agreed to purchase from appellee and his wife. The agreement, entered into by Kinder & Furman, real estate agents for appellee, and the appellants, husband and wife, provided that the latter would purchase appellee’s residence at 320 North Oak Avenue, Clifton Heights, Delaware County, Pennsylvania, for the total consideration of $16,000.
 

 The terms of the settlement were as follows: $50 in cash upon the signing of the agreement, $1,550 within five days to be secured by judgment note payable one day after date, and the balance in cash on or before August 27,1948. The agreement was dated May 28,1948. Prior to the time stipulated for settlement appellants requested and secured an extension of time to October 1, 1948, but they subsequently defaulted in their agreement.
 

 
 *59
 
 Paragraph 10 of the agreement provided: “Should the Buyer violate or fail to fulfil and perform any of the terms or conditions of this agreement then and in that case all sums paid by the Buyer on account of the purchase price or consideration herein may be retained by the Seller, either on account of the purchase price, or as liquidated damages for such breach, as the Seller shall elect, and in the latter event the Seller shall be released from all liability or obligation and this agreement shall become null and void.” The agreement further provided that the agents’ commission of $500 should be earned and payable only on completion of settlement and payment of the full purchase price.
 

 After appellants had breached their agreement they obtained a rule to show cause why the judgment should not be opened. The petition to open stated, in part, that (1) appellee is a member of the Delaware County Bar and that the husband appellant is a chief petty officer in the United States Navy, and at no time were he and his wife represented by counsel; (2) the admitted breach was a result of their inability to sell and convey their residence; and (3) that appellee had later sold his property for a sum in excess of the sum for which appellants had agreed to purchase it.
 

 A complete answer to the first phase of appellants’ petition is found in the opinion of Judge Sweney discharging the rule to open judgment. He said: “Plaintiff is a member of the Bar of this County and is also the District Attorney. Defendants would have us infer that this is of oppressive significance, especially in view of the fact that defendants had no attorney. There is no testimony before us that the defendants dealt with the plaintiff. The realtors procured the defendants to purchase this property and the inference is that negotiations were conducted between the parties through the agency
 
 *60
 
 of the realtors. We find no evidence which indicates that defendants were persuaded or prevented from securing their own attorney. The plaintiff stands before us as any other litigant no higher and no lower.”
 

 The fact that appellants were unable to go through with the agreement because they were unable to dispose of their own property, assuming that to be a fact, is of no consequence, as there was no stipulation to that effect in the agreement.
 

 Whether the sum of $1,600, comprising the cash payment and the judgment note, shall be construed as liquidated damages or as a penalty is, as stated by the learned court below, “the real question here involved.” The guiding principle and general rule applicable in cases of this kind is summarized in
 
 Streeper v. Williams,
 
 48 Pa. 450, 454, as íoIIoavs : “Upon the Avhole, the only general observation we can make is, that in each case Ave must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the Avhole gather the view which good conscience and equity ought to take of the case.”
 

 Considering the language of the agreement in the instant case in that light, we can come to no other conclusion than that the sum stipulated bore such a reasonable relation to the purchase price that the court below did not err in treating it as liquidated damages and not as a penalty.
 

 The averment that the property was later sold for more than the amount that appellants had agreed to pay for it Avould not be proper ground for opening the judgment, assuming it to be a fact. The same point was squarely raised and met in
 
 Sanders v. Brock,
 
 230 Pa.
 
 *61
 
 609, 79 A. 772. The Court in passing upon it said, in an opinion by Mr. Justice Mestrezat, pp. 613, 611: “The plaintiff bases his right to recover back the $2,000 on the fact that the defendant having resold the property for a sum in excess of the price agreed to be paid by the plaintiff, the defendant was not injured by the plaintiffs breach of the contract and must, therefore, return the sum paid on the purchase money.” In respect thereof the Court said, pp. 611, 615: “ ‘No rule in respect to the contract (for the sale of real estate) is better settled,’ says Nelson, J., in Hansbrough v. Peck, 72 U. S. 197, 506, ‘than this: that the party who has advanced money, or done an act in part performance of the agreement, and then stopped short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done.’ ” See, also,
 
 Roberts v. Roesch,
 
 306 Pa. 135, 159 A. 870.
 

 True it is that this Court in
 
 Ellis v. Roberts,
 
 98 Pa. Superior Ct. 19, 60, upon which appellants chiefly rely, said that an advance payment of $2,500 on the purchase of a $16,800 property, or 15 per cent of the purchase price, considered “In the light of the amount of the purchase price, the knowledge which plaintiff had of defendants’ financial condition, the relation which the sum agreed upon as liquidated damages bears to the purchase price and
 
 all the other circumstances,
 
 we are led to the conclusion that plaintiff intended the provision in the contract for liquidated damages to compel specific performance by defendants. This made it a provision for a penalty and precludes plaintiff from recovering more than just compensation for the breach of the contract by defendants, and requires us to open the judgment.” (Italics supplied.) .
 

 
 *62
 
 However, in that case the snm claimed as liquidated damages included not only a down payment of $100 and a judgment note for $2,000, but $400 additional, made in payments of $25 per week by the purchaser for a period of sixteen weeks. It should further be borne in mind that the relation which the sum agreed upon as liquidated damages in the instant case bears to the purchase price, to wit, 10 per cent, is considerably less than the 15 per cent relationship in
 
 Ellis v. Roberts,
 
 supra.
 

 Restatement, Contracts, provides: “§339. Liquidated Damages and Penalties. (1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.”
 

 In
 
 Tudesco v. Wilson,
 
 163 Pa. Superior Ct. 352, 60 A. 2d 388, the most recent case of this nature to come before this Court, where the purchase price and the amount claimed as liquidated damages were precisely the same as in the instant case, to wit, $16,000 and $1,600, respectively, we held that the vendor was entitled to the sum agreed upon as liquidated damages.
 

 In
 
 Lichetti v. Conway,
 
 44 Pa. Superior Ct. 71, this Court said, p. 76: “Covenants of the parties liquidating the damages in such cases, when not unconscionable, will be enforced by the courts: [citing cases].”
 

 We are in entire accord with the conclusion of the learned court below that “. . . $1,600.00 on a total price of $16,000.00 or a ratio of 10% is not unconscionable or in the nature of a penalty.”
 

 Judgment affirmed.