## Neilan *v.* Denise Coal Company, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

496

*Robert E. Walsh,* with him *Archibald M. Matthews,* and *Suto, Power, Goldstein & Walsh,* for appellant.

*Alexander Ogle,* for appellees.

OPINION BY WATKINS, J., June 11, 1958:

This is an action in assumpsit upon an oral contract for engineering services. The jury rendered a verdict in favor of the plaintiff appellee in the amount of $865.70. The court below denied a motion for a new trial and this appeal followed.

There is no dispute as to the value of the services or the fact that they were rendered. Nor is there substantial dispute that they were rendered at the request and with the consent of the appellant coal company, which company, in fact received and accepted them.

The nature of the services consisted of conducting screen tests, sieve analysis and preparing a layout or preliminary design for coal cleaning apparatus. The dispute arose as to whether the said services were rendered in accordance with an agreement between the three Neilan brothers, trading as Neilan Engineers, the plaintiff appellees, and the Denise Coal Company, the appellant, under circumstances by which payment was due from the appellant to the appellees or whether, as alleged by the appellant, the arrangements for the services had been made by F. G. Neilan, father of the

appellees and President and General Manager of the Black Beauty Coal Company, and under which version no payment was to be made by the appellant company.

The appellant's brief states the problem simply: "The testimony of the witnesses for the respective parties is diametrically opposed as to the existence of the alleged contract". This, then, certainly presented a question of fact for the jury which, by its verdict, accepted the version of the appellees.

The court below pointed out that the "record is barren of a single exception or objection to the charge by the court as a whole or to any specific portions of the charge", yet the reasons advanced in the motion for a new trial were based upon alleged errors in the charge.

The first question concerns the comment by the court below as to the character and reputation of a person, who was neither party or witness in the case, and the second question had to do with a statement describing the services rendered as "professional engineering services".

In the first instance the comment may have been surplusage and in the latter, although we can't see why the description of the services is not reasonable, it still might be immaterial to the issue. It should be noted here that the second question concerning the description of the services was not submitted to the court below as a reson for a new trial. But assuming for the sake of argument that the first was surplusage and the second immaterial certainly there is no merit in the contention of the appellant that the questions raised fall within the description of basic and fundamental errors that could not have been corrected at the trial and that must mislead the jury to the plaintiff's prejudice. *Halpern v. Western Pennsylvania*

*Chemical Company, Inc.*, 182 Pa. Superior Ct. 354, 126 A. 2d 502 (1956).

The fact that we have carefully examined the record in this case and briefly commented on the errors raised concerning Judge LANSBERRY'S charge should not be interpreted as a relaxation of the rule set forth in *Gross v. Clapper*, 369 Pa. 348, 85 A. 2d 618 (1952), where the Supreme Court held in a per curiam opinion, "However, plaintiff failed to make any objections to the charge and did not take any exceptions thereto, either specific or general. We cannot therefore review any of the alleged errors raised by plaintiff and must sustain the judgment of the court below".

Judgment affirmed.