Laughlin et al., Appellants, v. Baltalden, Inc.

612

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*F. D. Duden, Jr.,* with him *Arthur Lefkoe* and *James D. McCrudden,* for appellants.

*Nicholas H. Larzelere,* with him *Duryea & Larzelere,* for appellee.

OPINION BY GUNTHER, J., March 24, 1960:

This is an appeal from the refusal of a motion for a new trial. Appellants, George M. Laughlin and Grace S. Laughlin filed an assumpsit action against appellee, Baltalden, Inc., a Pennsylvania corporation engaged in the building and selling of homes. The action sought the return of hand money in the amount of $1,900.00 paid pursuant to an agreement of sale with appellee for the purchase of a lot and house and reimbursement for $650.00 expended for painting the home. Originally, appellants agreed to purchase Lot No. 12 on Haverford Road, Ardmore, Pennsylvania, for the sum of $20,450.00, but this agreement was subsequently changed to cover Lot No. 13. The consideration for the sale and construction of a new home on this site was $21,800.00. The agreement provided that the

house to be built on the lot would be "substantially similar" to a nearby sample house. The sales agreement provided that in the event the purchasers failed to make settlement, the seller could retain the money paid on account as liquidated damages.

When the time for settlement arrived, appellants refused to make settlement and take title because, they claimed, the house built for them was not substantially similar to the sample house. The sample house was so graded that only one step was necessary from the kitchen to the ground to the rear, and the stone used in construction was all of one type or color. The home actually constructed had six wooden steps leading from the kitchen to the ground, and the stone used consisted of two different types of stone and color.

The issue whether the house was substantially similar to the sample house shown to appellants was submitted to the jury. The evidence disclosed that at the time the agreement was entered into, the lot in question had a much greater drop in elevation to the rear of the lot in question from that of the sample house. At the time the lot in question was selected, a part of the stone work was already installed. Appellants stated that they desired a different type of stone and appellee stated that this could be worked out so that the stone work, when completed, would look all right. The property was graded but, because of the difference in elevation between the lot in which the sample house was constructed and the lot of the house in question, additional steps were required leading from the kitchen to the ground. The jury, weighing all of the conflicting evidence, returned a verdict in favor of the appellee.

A motion for a new trial was filed, alleging that the verdict was against the evidence, the weight of the evidence and against the law. This motion was subse-

quently refused and this appeal followed. Appellants urge on this appeal that the charge to the jury was so inadequate and misleading as to be fundamentally erroneous, and that the liquidated damage clause in the sales agreement was, in fact, a penalty and, therefore, unenforceable.

The principal question raised on this appeal is whether alleged errors and omissions in the charge of the trial court constitute basic and fundamental error and require a reversal where only a general exception was taken to the charge. Our courts have held uniformly that where only general exceptions are taken to the charge of the trial court, only such errors which are basic and fundamental will be considered on appeal: *Luterman v. Philadelphia*, 396 Pa. 301, 305, 152 A. 2d 464; *Albert v. Schenley Auto Sales, Inc.*, 375 Pa. 512, 100 A. 2d 605; *Wenham Transportation, Inc. v. Radio Construction Co., Inc.*, 190 Pa. Superior Ct. 504, 509, 154 A. 2d 301; *Dixon v. McNamara et al.*, 188 Pa. Superior Ct. 250, 146 A. 2d 744; *Commonwealth v. Williams*, 187 Pa. Superior Ct. 295, 144 A. 2d 634; *Neilan v. Denise Coal Company*, 186 Pa. Superior Ct. 495, 497, 142 A. 2d 322; *Commonwealth v. Parente*, 184 Pa. Superior Ct. 125, 137, 133 A. 2d 561. A party may not remain silent and take his chances on a verdict and then, if it is adverse, complain of mere inadequacy which could have been corrected: *Lyons v. Wargo*, 386 Pa. 482, 126 A. 2d 411; *Dixon v. McNamara et al.*, supra.

We have carefully examined the charge in its entirety. The charge points out clearly that the jury had to pass on the conflicting claims of the parties. The sole question for the jury to determine was whether the appellants' house was "substantially similar" to the sample house looked at by them. Appellants complain that the court below adopted the appellee's contention as true whereas the question, they allege, was the diffi-

culty of remedying the defects complained of. They cite two excerpts from the charge to substantiate their contention: ". . . and the buyer saw there was a fall of twenty feet in the land, and he must have known or he should have known, although as I say that is entirely a matter for you, that to make his property substantially similar to the property he had looked at, would require a vast fill in the rear of the lot, twenty feet or more, which would have required a high retaining wall and all that sort of thing . . ." ". . . However, as I say to you, members of the jury, you in your good judgment may find it was substantially similar, and that 'substantially similar' meant that this rear yard had to be filled to a depth of twenty feet, so that it would be flat like as it was at the sample house. Again, I say that is a matter entirely for you." We see nothing wrong with this portion of the charge, especially when the entire charge is reviewed. The real complaint of the appellants seems to be that the court below disagreed with their theory of the case. Their contention centered around the manner in which the house could be made "identical" with the sample house. As the court below pointed out in its charge: "The issue here as I say is whether the house is substantially similar. You may say to yourselves: 'It would have been nice if the builder had done this or had done that, or it would have looked better if he had done this or had done that,' but that isn't the question; that is not the issue before you. It is a question of whether he had substantially built a house which is substantially similar to the sample house, keeping in mind the differences, the changes, the extras which they agreed upon from time to time."

We believe the issue of fact was carefully presented to the jury and that the jury understood the legal principles involved. If additional instructions were required, these should have been requested. The court

below specifically asked if counsel had any suggestions or corrections to make with respect to the charge, and counsel replied in the negative. We find no fundamental error in the charge and appellants cannot now be heard to complain.

Appellants also urge that the charge as to damages was inadequate because no mention was made of the possibility that the liquidated damage clause in the agreement may have been unenforceable and contend here that, in fact, the clause was a penalty and therefore unenforceable.

While it is true that the trial court did not discuss the possibility that the liquidated damage clause in the agreement may be unenforceable, we believe that such a discussion was properly withdrawn from the consideration of the jury. Where the amount of damages claimed by a party is uncertain and no agreement of the parties has fixed either the amount or the rule by which such sum may be made certain, such determination should be left, properly, for the consideration of the jury. However, the question whether a sum stipulated for in a written contract is a penalty or liquidated damages is a question for the court, to be determined by the intention of the parties, examined in the light of its subject-matter and its surroundings. *March v. Allabough*, 103 Pa. 335; *Lichetti v. Conway*, 44 Pa. Superior Ct. 71; *Vrooman v. Milgram*, 124 Pa. Superior Ct. 145, 188 A. 538.

Neither can we agree with the contention that the clause referred to in the instant agreement is a penalty and therefore unenforceable. The name by which such a clause may be called is but of slight weight, and the controlling elements are the intention of the parties and the special circumstances of the case. *Keck v. Bieber*, 148 Pa. 645, 646, 24 A. 170. As restated by the Supreme Court in *Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 146 A. 2d 714, the question is to

be determined " 'by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject matter and its surroundings; and that in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction.' " See, also, *Emery v. Boyle*, 200 Pa. 249, 49 A. 779; *Vrooman v. Milgram*, supra. Real estate transactions, involving breaches in performance, are peculiarly within that class of cases where the measure of damages is difficult to ascertain. It is for that very reason that the practice has developed of inserting in sales agreements a sum certain, agreed to by the parties, as the amount which will be considered as compensation for a breach in performance. This may be the amount of the deposit or hand money, or it may be a sum in a lesser or greater amount, depending upon the consideration involved. Generally, we have held that where a purchaser repudiates an agreement of sale of real estate containing a provision for liquidated damages, the vendor is entitled to the sum agreed upon as liquidated damages. *Tudesco v. Wilson*, 163 Pa. Superior Ct. 352, 60 A. 2d 388. Where the obligation to purchase has been repudiated, especially where new construction is involved, the vendor usually has the continuing obligation of paying interest on any construction loan, insurance, taxes, broker's commission, maintenance charges and utilities until the property is actually sold.

The deposit here involved was less than nine percent of the actual consideration involved. We do not consider such an amount to be a penalty rather than liquidated damages. In *Kraft v. Michael*, 166 Pa. Superior Ct. 57, 70 A. 2d 424, we held that ten percent of the

purchase price retained by the vendor either on account of the purchase price or as liquidated damages for repudiating a sale was not so unreasonable as to charge the trial court with error in treating such a sum as liquidated damages. We find no error in the determination made by the court below in this regard.

Judgment is affirmed.