Harris et al., Appellants, *v.* Dawson et al.

Argued September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Frederick D. Kessler*, with him *Wayne A. Bromfield*, and *Fetter and Kessler*, for appellants.

*Carl Rice*, submitted a brief for appellees.

OPINION BY VAN DER VOORT, J., March 29, 1976:

This case arises on appeal from an order of the court below sustaining preliminary objections in the nature of a demurrer to plaintiff's complaint in assumpsit for damages incurred by reason of an alleged breach of contract for the sale of land. We reverse the order for the reasons hereinafter stated.

The contract price of the land was $60,000 on which a down payment of $100 was made when the contract was signed. The purchaser declined to complete the contract and refused the deed tendered to him at the time of closing. The seller thereupon sold the property to a third party for $54,000 and brought suit against the original buyer for the difference between the contract price and the ultimate selling price with adjustments for taxes and commissions. Preliminary objections were sustained and the complaint dismissed on the ground that by the terms of the contract the plaintiff was limited in recoverable damages to the down payment.

The demurrer to the cause of action is based on that portion of the sales contract which reads:

"Should the buyer fail to make settlement as herein provided, and the said time is hereby agreed to be the essence of this agreement, sum or sums paid on account are to be retained by the seller, either on account of the purchase money or as compensation for the damages and

expenses he has been put to in this behalf, as the seller shall elect, and in the latter case the contract shall become null and void and all copies to be returned to the seller for cancellation."

It is the defaulting buyer's position that the seller precluded himself from suing for the purchase price by reselling the property and is, therefore, relegated to a claim for damages limited to the $100 down payment. We do not so read the contract. Had the seller not resold the property, there is no doubt that he could have sued for the full purchase price in an action based on specific performance, crediting the buyer with the $100 down payment: *Cape May Real Estate Company v. Henderson*, 231 Pa. 82, 79 A. 982 (1911). It seems to us equally clear that the seller is likewise suing for the enforcement of his contract rather than damages when he resells the property after default and then sues for the difference between the contract price and the price realized on the sale.

If the plaintiff's suit for the difference between the contract price and the price realized on resale were to be treated as an action for damages rather than an enforcement of the contract, we would be compelled to treat the $100 limitation void as a penalty in view of its unreasonableness in the light of actual damages: *Unit Vending Corp. v. Tobin Enterprises, Inc.*, 194 Pa. Superior Ct. 470, 473, 168 A.2d 750 (1961). This court there cited with approval §339 of the *Restatement of the Law of Contracts*, which provides in part:

"(1)  An Agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

"(a)  the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

"(b)  the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

To the same effect, *Shreve v. Brereton*, 51 Pa. 175, 185-6 (1865).

Clearly a $100 down payment is not a reasonable forecast of just compensation for a refusal to complete a $60,000 purchase; furthermore, it is not difficult to make an accurate estimate of actual damage when the seller mitigates damages by a sale to a third party and sues for the difference between the amount received and the contract price.

The order of the court below is reversed, the complaint reinstated and the case remanded for further proceedings.

JACOBS, J., concurs in the result.

DISSENTING OPINION BY PRICE, J.:

I respectfully dissent. It seems clear to me that the parties have provided by their contract that upon appellees' breach the money paid on account is to be retained by the appellants to be applied on account of the purchase price, *or* as liquidated damages in compensation for damages and expenses appellants have incurred. I can read nothing further into the disputed clause in this regard, and accordingly this should be the limits of the right of the appellants to proceed for a breach of this contract.

Under this interpretation, appellants would have two options in pursuing a remedy against the defaulting appellees.

Option one would, of course, be the right to sue for the balance of the purchase price, which would be maintained as a suit in equity for specific performance. *Heights Land Co. v. Swengel's Estate*, 319 Pa. 298, 179 A. 431 (1935). In such an action appellees would have to pay the balance, less $100, and appellants would then have to convey the property to the appellees. Obviously, appellants are unable to do this as they exercised their right to resell their property, for a smaller consideration,

on December 6, 1973. Such an action is an election by appellants to abandon this option one under the contract terms with appellees.

Option two would be the appellants' right, as exercised under this factual situation, to resell their property and proceed against appellees for damages. This appellants did by the pursuit of this action. And a reading of the disputed clause seems to make the intent of the parties obvious. The parties intended the amount paid, the $100, to be applied by the appellants as liquidated damages. The appellants, to my view, are therefore limited, by the contract, in the amount of their recovery to the money paid on account as liquidated damages.

It seems to me that the majority confuses these options by their statement:

> "It seems to us equally clear that the seller is likewise suing for the enforcement of his contract rather than damages when he resells the property after default and then sues for the difference between the contract price and the price realized on the sale."

Majority opinion at p. 318.

Such a statement is not a concise or proper summary of the remedies available to appellants and blurs the distinction between specific performance, option one, and damages, option two.

*Restatement of Contracts* §339 (1932) has indeed been cited with approval by this Court, however, its interpretation has always been to void unreasonably large liquidated damages as a penalty. This interpretation is buttressed by the Uniform Commercial Code—Sales, §2-718.[1] Cases which I have been able to find support this view, including what I believe is an accurate statement of the law included in the opinion of President Judge WILSON of Union County:

> "Therefore, if from the covenant and the contract

---

1. Act of Oct. 2, 1959, P.L. 1023, §2 (12A P.S. §2-718).

viewed at the time of execution the amount fixed is an unreasonable forecast of just compensation for possible harm caused by a breach, and the possible harm is capable of accurate estimation, the covenant providing the plaintiffs with a fixed sum is not enforceable and does not affect damages recoverable by plaintiffs. Where the fixed amount is less than 10% of the total consideration, the courts have held the fixed amount is not unreasonable. This is particularly so in real estate transactions, because damages in the breach of a contract to sell land are extremely difficult to ascertain. It is for this reason that clauses for liquidated damages are frequently inserted in contracts for the sale of land. *Lichetti v. Conway*, 44 Pa. Super 71; *Tudesco v. Wilson*, 163 Pa. Super 352, 60 A.2d 388; *Kraft v. Michael*, 166 Pa. Super 57, 70 A.2d 424; *Laughlin v. Baltalden Inc.*, 191 Pa. Super 611, 159 A.2d 26. See also *Martin Estate v. Freedman*, 49 Dauphin 293; *Welch v. Wilt*, 68 Dauphin 116."

The intent of these parties seems to be clear that it was intended that the amount paid be liquidated damages and as such appellants are limited in the amount of their recovery to the money paid on account as the valid and enforceable contract so provides.

I would affirm the order of the lower court sustaining appellees' preliminary objections and dismissing appellants' complaint.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.