662 A.2d 669

**Martin HEIL and Elizabeth Heil, H/W, Appellants,**

**v.**

**Idee BROWN, M.D., Lydia Schut, M.D., Santiago Hernandez, PH.D., David D. Springer, M.D.**

**Martin HEIL and Elizabeth Heil, H/W, Appellants,**

**v.**

**CENTRALIZED COMPREHENSIVE HUMAN SERVICES, INC. t/a/ John F. Kennedy Community Mental Health/Mental Retardation Center and Maxine Weiner.**

**Martin HEIL and Elizabeth Heil, H/W, Appellants,**

**v.**

**Idee BROWN, M.D. and Lydia Schut, M.D., Santiago Hernandez, PH.D.**

Superior Court of Pennsylvania.

Argued April 20, 1995.

Filed Aug. 1, 1995.

John G. Malone, Philadelphia, for appellants.

Dorothy Duffy, Plymouth Meeting, for Lydia Schut, M.D.

Richard W. Yost, Flourtown, for Santiago Hernandez, PH. D., David D. Springer, M.D, Centralized Comprehensive Human Services & Maxine Weiner, appellees.

504

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from several orders granting summary judgment in favor of appellees, the John F. Kennedy Community Mental Health and Mental Retardation Center, ["Center"] and its mental health-care providers. Appellants, Martin and Elizabeth Heil, husband and wife, present the following issues for our review:

A. DID THE COURT BELOW APPLY LAW INAPPLICABLE TO THE FORESEEABLE POLICE RESCUE OF [APPELLEES'] NEGLECTED AND DANGEROUS- LY PSYCHOTIC PATIENT?

B. DID THE COURT BELOW IGNORE THE GENU- INE ISSUES OF MATERIAL FACT PRESENTED BY OFFICER MARTIN HEIL'S STATUS AS AN ON DUTY POLICE OFFICER CHARGED WITH THE RESPONSI- BILITY OF RESCUING THE DANGEROUS PSYCHOT- IC PATIENT NEGLECTED BY [APPELLEES]?

C. DID THE COURT BELOW IGNORE APPLICABLE PROCEDURAL AND CONTROLLING SUBSTANTIVE LAW?

Appellants' Brief at 3. For the following reasons, we affirm.

In 1981, Mr. Edward Holden began treatment for mental illness at the Center on a voluntary outpatient basis. During the course of his treatment, Mr. Holden went to the Center for therapy on November 16, 1987, at which time the symptoms of his mental illness had worsened. He was given a week supply of thorazine and told to return in one week so that he could be monitored. When Mr. Holden returned to the hospital on November 23, 1987, his treating physician was unable to see him and no other psychiatrists were available. Instead, Mr. Holden was seen by his social worker, Maxine Weiner, who drafted a treatment plan and told Mr. Holden to return during regular hours to see a psychiatrist. Although he appeared very agitated and was becoming increasingly paranoid, no steps were taken to initiate emergency hospitalization. The next day Mr. Holden, while experiencing a

psychotic episode, drove his car into a police van, driven by appellant-husband, who was on duty as a Philadelphia police officer. As a result of the accident, Officer Heil was severely injured.

Appellants filed a complaint on March 21, 1989, against the Center and Ms. Weiner alleging that appellant-husband's injuries were caused by appellees failure to properly medicate, treat, monitor, and hospitalize Mr. Holden.[1] The hospital and Ms. Weiner joined Mr. Holden as a defendant. Appellant filed a second complaint on July 26, 1990, against Dr. Idee Brown, Dr. Lydia Schut, M.D., Dr. Santiago Hernandez, Ph.D., and Dr. David Springer, M.D. On April 11, 1991, the actions were consolidated.

Motions for summary judgment were filed and on June 14, 1994, the trial court adopted the recommendation of Judge Pro Tem Rutter and granted summary judgment in favor of all defendants, except Mr. Holden.[2]

Preliminarily, we note that a motion for summary judgment may properly be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). In passing upon a motion for summary judgment, a court must examine the record in a light most favorable to the non-moving party and must resolve all doubts against the moving party. *Fletcher v. Raymond Corp.*, 424 Pa.Super. 605, 609, 623 A.2d 845, 847 (1993). We will overturn a trial court's entry of summary judgment only if there has been an error of law or clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988).

1. Elizabeth Heil sought damages for loss of her husband's assistance, services, and companionship.

2. Although trial court opinion states that summary judgment was granted in favor of all defendants, the opinion did not address the claims against Mr. Holden.

 The primary issue raised by appellants is whether the trial court erred in granting summary judgment and holding that mental health professionals do not owe a duty to protect third parties.[3] Specifically, appellants argue that appellees breached their professional duty by failing to initiate the required emergency hospitalization and appellant's injuries were a foreseeable result. We will assume, for purposes of this appeal, that appellees' treatment of Mr. Holden fell below the applicable standard of care. *Goryeb v. Department of Public Welfare*, 525 Pa. 70, 75, 575 A.2d 545, 547 (1990) (in summary judgment context, all doubts must be resolved in favor of the non-moving party).

> The legal obstacle to [finding liability] is that there is no relationship between [appellees] and [appellant] which creates any legal obligation, [a duty], from [appellees] to [this appellant]. As explained by Justice Cardozo, negligence is a matter of relation between parties, and must be founded upon the foreseeability of harm to the person in fact injured. *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99 at 101 (1928).

*Brady v. Hopper*, 570 F.Supp. 1333 (D.Colo.1983) (no duty on part of psychiatrist to protect plaintiffs injured in patient's attempt to assassinate President), *affirmed*, 751 F.2d 329 (10th Cir.1984). In *Crosby by Crosby v. Sultz*, 405 Pa.Super. 527, 592 A.2d 1337 (1991) (POPOVICH, J. author, DEL SOLE, J. and BROSKY, J. concurring) pedestrians, who were injured by auto operated by diabetic who lost consciousness at the wheel, sued the diabetic's physician. Our Court, in dicta,

---

**3.** Appellants also assert that the "rescue doctrine" as a basis for liability. However, we find the duty to rescue is inapplicable in this case. 57A Am.Jur.2d § 693 (under the " 'professional rescuer doctrine,' " a paid professional rescuer, who has sustained injury while attempting to rescue persons or property, cannot recover from one whose negligence has created the hazard ...). Although this Commonwealth has previously declined to adopt the "fireman's rule" in a land owner's duty context, we find no prohibition to its application here. *Holpp v. Fez, Inc.*, 440 Pa.Super. 512, 656 A.2d 147 (1995) (No. 01493 PGH 1994); *Mull v. Kerstetter*, 373 Pa.Super. 228, 540 A.2d 951 (1988), *appeal denied*, 520 Pa. 606, 553 A.2d 968 (1988). *Cf. Bell v. Irace*, 422 Pa.Super. 298, 304, 619 A.2d 365, 368 (1993) (rescue doctrine is a narrow exception used only in very special cases).

stated that even if the physician had a duty to notify the Department of Transportation of the diabetic's condition, that duty did not give rise to a duty of care to the pedestrians, as they were not foreseeable victims of the physician's action or inaction. *Crosby*, 405 Pa.Super. at 543, 592 A.2d at 1345. Here, as in *Crosby*, "to discount the important element of foreseeability [would] effectively overrule well-established and precedential tort law, [and would] extend liability ... to treating physicians vis-a-vis third party victims." *Crosby*, *supra*.[4]

Accordingly, for the above reasons, we affirm the trial court's granting of summary judgment.

Affirmed.

---

**4.** We note that *Dunkle v. Food Service East, Inc.*, 400 Pa.Super. 58, 582 A.2d 1342 (1990) and *Leonard v. Latrobe Area Hospital*, 425 Pa.Super. 540, 625 A.2d 1228 (1993), cases cited by the trial court, are not controlling. *Dunkle* and *Leonard* both held that a therapist owes no duty to warn third parties of the violent propensities of his or her patient, where the victim is not specifically identified. The *Dunkle* and *Leonard* plaintiffs relied on a failure to warn theory and consequently issues arose relating to the confidential nature of the communications between patient and therapist. Here, appellant did not proceed under a failure to warn theory, but rather a negligence theory.