**Lehigh Valley Bone, Muscle &
Joint Group LLC v. Puccio**

*Samuel P. Murray,* for plaintiff.
*Nancy Conrad,* for defendant.

McGINLEY, *J.,* August 12, 2005—Before this court are cross motions for summary judgment with relation to a restrictive covenant in an employment contract between the parties. Plaintiff seeks to enjoin defendant from working at St. Luke's Hospital and to recover liquidated damages based on a restrictive covenant contained in an employment agreement between the parties. Defendant seeks to dismiss plaintiff's claim.

## FACTS

Plaintiff, Lehigh Valley Bone, Muscle and Joint Group L.L.C. (LVBMJ) provides services in the field of ortho-

pedic medicine at their office at 2597 Schoenersville Road, Bethlehem, Pennsylvania. In July 2001, defendant, Steven Puccio D.O., entered into an employment contract with LVBMJ. The employment agreement states at paragraph 11:

"Puccio agrees that during the term of this agreement and for a period of 24 months or two years after termination of Puccio's employment with LVBMJ, Puccio shall not, directly or indirectly, as owner, principal, agent stockholder, director, manager, representative, employee, counselor, partner, lender, participant or any other capacity whatsoever, engage in the practice of orthopedic medicine within 25 miles from any office of LVBMJ."

Paragraph 12 of the employment agreement states:

"Liquidated damages: In the event that Puccio violates the provisions of section 11 or any of its subsections, the actual damages sustained by LVBMJ because of such conduct of Puccio will be uncertain and difficult to ascertain, and it is agreed that the reasonable foreseeable damage to LVBMJ would be the sum of $100,000, therefore, Puccio shall pay as liquidated damages to LVBMJ said sum for his breach of the provisions set forth above in section 11."

Puccio commenced employment for LVBMJ on September 4, 2001, and received $180,000 in compensation for his first year of services and $200,000 for his second year of services.[1] Pursuant to paragraph 1 of the agreement, Puccio renewed his employment for an additional two-year term in September 2003.

---

1. Deposition of Steven Puccio D.O., pp. 12-13.

In addition to the private practice services provided, LVBMJ physicians held privileges to perform elective operative procedures at St. Luke's Hospital, located at 801 Ostrum Street, Bethlehem, Pennsylvania. During Puccio's employment, LVBMJ physicians also provided orthopedic consultation and on-call services to St. Luke's emergency room and trauma unit.[2]

At that time, LVBMJ physicians provided 50 percent of the on-call orthopedic services to St. Luke's emergency room and trauma unit.[3]

On or about November 12, 2003, LVBMJ advised St. Luke's that it did not have the manpower to continue to participate in the on-call program. LVBMJ proposed that St. Luke's purchase the LVBMJ practice.[4] St. Luke's declined to purchase LVBMJ,[5] but offered to pay an increased fee for LVBMJ to provide services to its emergency room and trauma unit.[6] LVBMJ refused this offer and ceased providing emergency room and trauma unit services as of January 1, 2004.

At approximately the same time in November 2003, Puccio advised LVBMJ of his intent to terminate his employment effective February 2004. Puccio left LVBMJ's employ on or about February 29, 2004. On or about March 9, 2004, Puccio began employment with

---

2. Deposition of Dean W. Evans, p. 25 and deposition of John M Williams M.D., p. 11.

3. Deposition of Dean Evans, p. 25.

4. Deposition of Evans, pp. 27-28.

5. Deposition of Evans, pp. 28-29.

6. Deposition of Evans, pp. 35-36.

St. Luke's Hospital on a *locum tennis* basis.[7] Puccio agreed to provide one weekend per month of orthopedic services to St. Luke's emergency room and trauma unit. Puccio provides only emergency, hospital-based service and does not provide routine orthopedic care, elective procedures or other non-emergent care for St. Luke's.[8]

Plaintiff's office is at 2597 Schoenersville Road, Bethlehem, Pennsylvania. St. Luke's Hospital facility is at 801 Ostrom Street, Bethlehem, Pennsylvania and is located within 25 miles of the plaintiff's office.

## PROCEDURAL HISTORY

Plaintiff filed a complaint on May 19, 2004, seeking to enjoin defendant from working for St. Luke's Hospital based on the restrictive covenant in the employment agreement between the parties. On June 28, 2004, defendant filed an answer and new matter. Plaintiff filed an answer to defendant's new matter on August 31, 2004.

On April 1, 2005, plaintiff filed the instant motion for summary judgment. On the same date, defendant filed his motion for summary judgment.

Argument on the cross motions for summary judgment was heard before this court on July 11, 2005.

## DISCUSSION

Both plaintiff and defendant seek summary judgment based upon a restrictive covenant contained in an employment contract between the parties.

_____

7. Deposition of Puccio, pp. 24-27.

8. Deposition of Evans, p. 42 and deposition of Puccio, pp. 15-16, 36.

A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Heil v. Brown,* 443 Pa. Super. 502, 505, 662 A.2d 669, 671 (1995). In passing upon a motion for summary judgment, a court must examine the record in a light most favorable to the non-moving party and must resolve all doubts against the moving party. *Id.*

Once the moving party has met its burden, the non-moving party must produce sufficient evidence regarding material issues of his case, and on which he bears the burden of proof, such that a jury could return a verdict in his favor. Failure to show such evidence establishes that the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 102, 674 A.2d 1038, 1042 (1996).

### Restrictive Covenant

Plaintiff argues that defendant violated this restrictive covenant and that they are therefore entitled to judgment as a matter of law. Defendant cross moves for summary judgment arguing that, despite any violation, plaintiff has failed to establish that the restrictive covenant protects a legitimate business interest and that the covenant is therefore unenforceable.

The employment agreement between the parties clearly states that Puccio "agrees that . . . for a period of 24 months or two years after termination of Puccio's em-

ployment with LVBMJ, Puccio shall not, directly or indirectly, as owner, principal, agent stockholder, director, manager, representative, employee, counselor, partner, lender, participant or any other capacity whatsoever, engage in the practice of orthopedic medicine within 25 miles from any office of LVBMJ."

Defendant began working as an orthopedist for St. Luke's Hospital within one month of the termination of his employment with LVBMJ. St. Luke's Hospital is less than 25 miles from LVBMJ's Bethlehem office.

Restrictive covenants are generally enforceable in Pennsylvania if they are incident to an employment relationship between the parties; the restrictions imposed by the covenant are reasonably necessary for the protection of the employer; and the restrictions imposed are reasonably limited in duration and geographic extent. *Hess v. Gebhard & Co. Inc.,* 570 Pa. 148, 808 A.2d 912, 917 (2002); *Sidco Paper Co. v. Aaron,* 465 Pa. 586, 351 A.2d 250 (1976).

At a minimum, a restrictive covenant must be reasonably related to the protection of a legitimate business interest to be enforceable. *Wellspan Health v. Bayliss M.D.,* 869 A.2d 990, 995 (Pa. Super. 2005), citing *Hess,* 570 Pa. at 160, 808 A.2d at 918.

Defendant asserts that the restrictive covenant was meant only to protect LVBMJ's patient base and referral system and that plaintiff has therefore failed to establish that the restrictive covenant in this case is reasonably related to the protection of a legitimate business interest.

The Pennsylvania Supreme Court has recognized that the "efforts and moneys" invested by an employer to

provide specialized training in the methods of the employer's business is a legitimate business interest. *Pennsylvania Funds Corp. v. Vogel,* 399 Pa. 1, 159 A.2d 472 (1960); *Wellspan,* 869 A.2d at 997. In addition, the court in *Wellspan* held that a patient referral base is a protected interest in the context of enforcing a non-competition covenant in an employment agreement between employer and its physician employees. *Id.* See also, *Worldwide Auditing Services Inc. v. Richter,* 402 Pa. Super. 584, 591, 587 A.2d 772, 776 (1991) (holding that it is a legitimate business interest to protect a customer base.)

Plaintiff employed and trained defendant, introduced him to the St. Luke's Hospital system for which he now works and gave him patients and introduced him to other referring sources.[9] We find that considering the foregoing, the geographic proximity and specialty of the practice, the plaintiff has a legitimate and protected business interest in this case.

Defendant has clearly violated the restrictive covenant set forth in his employment agreement with LVBMJ. Plaintiff has established that there are no genuine issues as to any material facts and that they are entitled to judgment as a matter of law. Defendant has failed to produce sufficient evidence regarding a material issue to allow a jury to return a verdict in his favor. Thus, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

---

9. Deposition of Ranjan Sachdev M.D., pp. 6-7.

As a result of the violation of the restrictive convenant, plaintiff seeks liquidated damages in the amount of $100,000 pursuant to the employment agreement. Plaintiff also seeks to permanently enjoin defendant from working as an orthopedist at St. Luke's Hospital.

## Liquidated Damages

Plaintiff contends that because the defendant is in violation of the restrictive covenant contained at paragraph 11 of the employment agreement, they are entitled to recover the sum of $100,000 as a matter of law. Defendant argues that this sum, as set forth in the employment agreement, is a penalty as opposed to liquidated damages, and therefore not enforceable.

The contract provides that "in the event that Puccio violates the provisions of section 11 or any of its subsections, the actual damages sustained by LVBMJ . . . will be uncertain and difficult to ascertain, and it is agreed that the reasonable foreseeable damage to LVBMJ would be the sum of $100,000."

Defendant contends that the amount of damages set forth in the contract is unreasonable and that the contractual provision should be voided as a penalty. Defendant also argues that because Dr. Williams testified that the sum of $100,000 was placed in the employment contract as an impediment to employees to deter them from violating the restrictive covenant, that this court must find the sum to be a penalty rather than reasonable damages.

The question of whether a sum stipulated in a written contract is a penalty or liquidated damages is a question

for the court, to be determined by the intention of the parties, examined in the light of its subject matter and its surroundings. *Hanrahan v. Audubon Builders Inc.,* 418 Pa. Super. 497, 502, 614 A.2d 748, 750 (1992) citing *Commonwealth v. Musser Forests Inc.,* 394 Pa. 205, 212, 146 A.2d 714, 717 (1959); *Laughlin v. Baltalden,* 191 Pa. Super. 611, 617, 159 A.2d 26, 29 (1960).

Liquidated damages is a term of art originally derived from contract law, denoting "the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable ... if the breach occurs." *Pantuso Motors Inc. v. Corestates Bank,* 568 Pa. 601, 608, 798 A.2d 1277, 1282 (2002). (citation omitted)

A penalty, on the other hand, is not a pre-estimate of probable actual damages, but fixed as a punishment, the threat of which is designed to prevent the breach. *Id.*

Thus, contracting parties may provide for pre-determined liquidated damages in the event one party fails to perform, particularly in circumstances where actual damages would be difficult to estimate in advance or to prove after the breach occurs. See *Commonwealth v. Musser Forests Inc.,* 394 Pa. 205, 212, 146 A.2d 714, 718 (1958).

The intent of the parties to a written contract is to be regarded as being embodied in the writing itself. When a written contract is clear and unequivocal, its meaning must be determined by its contents alone. *Steuart v. McChesney,* 498 Pa. 45, 49, 444 A.2d 659, 661 (1982); *PennDOT v. Manor Mines Inc.,* 523 Pa. 112, 119, 565 A.2d 428, 432 (1989).

Here, the agreement itself states that the actual damages would be difficult to ascertain, but that the sum of $100,000 would be a reasonable estimate of damages in the event the agreement is violated. Defendant began his employment with LVBMJ at a salary of $180,000 per year which increased to at least $200,000 per year. We find that damages for the breach of the employment contract of $100,000 is a reasonable sum in this case.

The defendant is in violation of the employment agreement and pursuant to said agreement, plaintiff is entitled to recover damages in the amount of $100,000 as set forth in the employment agreement.

## Permanent Injunction

Plaintiff also seeks a permanent injunction to enjoin defendant from working at St. Luke's Hospital.

To prevail in a claim for a permanent injunction, the plaintiff must prove a clear right to relief and the injury claimed must be one that cannot be compensated by an award of damages. *Wellspan Health v. Bayliss M.D.,* 869 A.2d at 995; *Buffalo Township v. Jones,* 571 Pa. 637, 644, 813 A.2d 659, 663 (2002); *Geisinger Clinic v. Di Cuccio,* 414 Pa. Super. 85, 102, 606 A.2d 509, 518 (1992). A permanent injunction is appropriately awarded "to prevent a legal wrong for which there is no adequate redress at law." *Buffalo Township,* 571 Pa. at 644, 813 A.2d at 663.

In the present case, the parties have agreed that $100,000 is a reasonable compensation for damages caused by a violation of the restrictive covenant and we

have agreed that this clause is enforceable. In light of this, injunctive relief is not required.

Therefore, plaintiff's motion for a permanent injunction is denied.