J-A11004-23

2023 PA Super 237

| | | |
|---|---|---|
| JEFFREY A. RITZ, EXECUTOR OF THE ESTATE OF JOSEPH H. CUMMINS, DECEASED, AND JOLENE L. CUMMINS, IN HER OWN RIGHT | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1024 WDA 2022 |
| MATTHEW J. RAMSAY, RHJ MEDICAL CENTER, INC., DENISE L. SHINSKY, KERI A. CSIKESZ, DENNIS JONES, KATHY JONES, KEITH JONES | : : : : : : | |
| APPEAL OF: JEFFREY A. RITZ AND JOLENE L. CUMMINS | : : | |

Appeal from the Order Entered August 9, 2022
In the Court of Common Pleas of Westmoreland County
Civil Division at No:  No. 18-06107

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:                    **FILED: November 14, 2023**

Appellants, Jeffrey A. Ritz, as executor of the estate of Joseph H. Cummins (the "Decedent"), and Jolene L. Cummins, appeal from the August 9, 2022 order sustaining the preliminary objections of Appellees RHJ Medical Center, Inc. ("RHJ"), Denise L. Shinsky, Keri A. Csikesz, Dennis Jones, Kathy

_____

[*] Retired Senior Judge assigned to the Superior Court.

Jones, and Keith Jones (we refer to the four individual Appellees collectively with RHJ, as the "RHJ Parties.").[1] We affirm.

The pertinent allegations in Appellants' August 1, 2019 complaint, which we accept as true, are that on December 24, 2016, the Decedent was hit by a car while he was running and suffered fatal injuries. Matthew J. Ramsay was the driver. Ramsay was a patient at RHJ, a methadone clinic where he received a larger than normal dose of methadone on the day of the accident. Ramsay's post-accident blood and urine samples revealed the presence of marijuana and alprazolam in addition to methadone. The RHJ Parties were aware, based on prior blood tests, that Ramsay had repeatedly used nonprescription antianxiety drugs and marijuana during the course of his methadone treatment, in violation of their directives. Appellants therefore alleged that the RHJ Parties knew or should have known that providing Ramsay a larger than normal dose of methadone posed an unreasonable risk to the public.

On August 1, 2019, Appellants filed a complaint alleging one count of negligence against Ramsay as the operator of the vehicle, one count of

_____

[1] As we explain in more detail in the main text, Matthew J. Ramsay, the other captioned individual, reached a settlement with Appellants and is not participating in this appeal. The complaint identifies the individual RHJ Parties as agents, servants, or employees of RHJ.

negligence[2] against the RHJ Parties as Ramsay's methadone clinic, and a third count against all parties under Pennsylvania's wrongful death statute, 42 Pa.C.S.A. § 8301. Csikesz, Dennis Jones, Kathy Jones, and Keith Jones filed preliminary objections on November 20, 2019, alleging, among other things, that Appellants failed to state a cause of action against them upon which relief could be granted. Pa.R.C.P. 1028(a)(4). Shinsky and RHJ filed preliminary objections on February 3, 2020, also relying on Rule 1028(a)(4). The trial court held oral argument on February 25, 2020. On March 24, 2020, the trial court entered an order sustaining the preliminary objections of all RHJ Parties. The trial court found that Appellants failed to state a claim against the RHJ Parties because they owed no cognizable duty to the Decedent under the facts alleged in the complaint. The trial court denied reconsideration by order of June 11, 2020.

Subsequently, on May 13, 2022, the trial court approved Appellants' petition for partial settlement as to Ramsay. The petition contemplated future

---

[2] The trial court notes in its opinion that Appellants "specifically declined to submit certificates of merit as to any of the [RHJ Parties]." […] [Appellants have made clear that the case is not proceeding on a professional negligence theory." Trial Court Opinion, 10/14/22, at 4. Appellants argue that no certificates of merit were necessary under Pa.R.C.P. 1042.1 and 1042.3 because Appellants did not bring the action on behalf of a patient of the RHJ Parties. The trial court did not dismiss the action against the RHJ Parties for lack of certificates of merit. Rather, the trial court found that the RHJ Parties owed no legal duty under the facts alleged. We affirm the trial court on that basis and therefore have no occasion to consider the applicability of the rules governing certificates of merit.

payment of settlement proceeds to Appellants. On August 9, 2022, Appellants filed a praecipe to settle and discontinue as to Ramsay. The RHJ Parties[3] filed this appeal thirty days later, on September 8, 2022. On September 26, 2022, the RHJ Parties filed a motion to quash, arguing that the appeal period commenced on May 13, 2022, when the trial court approved Appellant's petition for partial settlement. This Court denied the motion without prejudice on December 2, 2022. The RHJ Parties continue to argue on appeal that quashal is warranted. Because this issue implicates our jurisdiction, we address it first.

In **Baumbach v. Lafayette College**, 272 A.3d 83 (Pa. Super. 2022), this Court considered a similar case. There, as here, the appellees argued the appellant should have filed their appeal within 30 days of the order approving a settlement agreement among several parties. There, as here, the appellant argued the settlement was not final until they received payment and filed a praecipe to discontinue as to the settling defendants. **Id.** at 88. In **Baumbach**, the settlement agreement provided that the payment to the appellant of the settlement proceeds followed by a praecipe to discontinue. **Id.** Instantly, as in **Baumbach**, the settlement agreement between Appellants and Ramsay contemplated the future exchange of money. The

---

[3] Though Shinsky and RHJ proceeded separately from the other RHJ parties in filing their preliminary objections, the RHJ parties have proceeded together on appeal.

agreement did not, however, expressly state that a praecipe to discontinue would follow. Appellees argue that the absence from the settlement agreement of an express promise to file a praecipe to discontinue as against Ramsay is a critical distinction between this case and **Baumbach**. Because there was no guarantee as to when, if ever, a praecipe to discontinue would be filed, Appellants were required to file their appeal within thirty days of the order approving the settlement agreement. We disagree.

In **Baumbach**, the trial court entered an order that approved a settlement agreement whose execution would take place **after** the court's order. The **Baumbach** Court noted that an order is final under Pa.R.A.P. 341 when it disposes of all claims against all parties or ends the litigation. **Id.** (**citing** Pa.R.A.P. 341). The same thing happened here, and the same rationale applies. The trial court's May 13, 2022 order approving the settlement agreement did not end the litigation or dispose of all parties; the order permitted Appellants and Ramsay to execute their settlement agreement. Then, after Appellants' receipt of the settlement funds, they filed a praecipe to settle, discontinue, and end as to Ramsay. With that praecipe, filed on Augst 9, 2022, all claims and all parties had been disposed of, and the litigation ended. Appellants' notice of appeal, filed thirty days after the August 9, 2022 praecipe, was timely.

Turning to the merits, we paraphrase Appellants' three arguments as follows: (1) the trial court erred in sustaining the RHJ Parties' preliminary

objections on grounds that they owed no duty to the decedent; (2) the trial court failed to accept the facts in Appellants' complaint as true; and (3) the trial court erred in not granting Appellants leave to amend their pleading. Appellants' Brief at 6-7.

Our standard of review is well-settled:

> An appeal from an order granting preliminary objections in the nature of a demurrer is subject to plenary review. In determining whether the trial court properly sustained preliminary objections, the appellate court must examine only the averments in the complaint, together with the documents and exhibits attached thereto, and the impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. Finally, preliminary objections in the nature of a demurrer require the court to resolve issues solely on the basis of the pleadings, and no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented.

*McNaughton Properties, LP v. Barr*, 981 A.2d 222, 224 (Pa. Super. 2009) (citations omitted). Further we accept the facts pled in the complaint and any reasonable inferences therefrom, as true. *Feingold v. Hendrzak*, 15 A.3d 937 (Pa. Super. 2011). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* "If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections." *Id.*

"Under common law, as a general rule, there is no duty to control the conduct of a third party to protect another from harm." *Emerich v. Philadelphia Ctr. for Hum. Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998). Our courts have recognized such a duty in limited circumstances where a special relationship exists. *Id.* These special relationships are "a parent's duty to control a child; a master's duty to control a servant; a possessor of land's duty to control a licensee; and the duty of those in charge of individuals with dangerous propensities to control those individuals." *Brisbine v. Outside In School of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002) (**citing** Restatement (Second) of Torts §§ 316-19), *appeal denied*, 816 A.2d 1101 (Pa. 2003).

Appellants argue that the RHJ Parties owed a duty to Decedent in this case, relying on *DiMarco v. Lynch Homes-Chester County, Inc.*, 583 A.2d 422 (Pa. 1990). There, our Supreme Court held that the defendant healthcare provider owed a duty to its patient's sexual partner. The patient had been exposed to and contracted hepatitis B, but the healthcare did not advise the patient of the risk of spreading the disease to her sexual partner. The plaintiff's sexual partner sued after he contracted the disease. *Id.* at 559-60. Relying on § 324A of the Restatement (Second) of Torts, the Supreme Court held that the complaint stated a cause of action:

> When a physician treats a patient who has been exposed to or who has contracted a communicable and/or contagious disease, it is imperative that the physician give his or her patient the proper advice about preventing the spread of the disease. Communicable

diseases are so named because they are readily spread from person to person. Physicians are the first line of defense against the spread of communicable diseases, because physicians know what measures must be taken to prevent the infection of others. The patient must be advised to take certain sanitary measures, or to remain quarantined for a period of time, or to practice sexual abstinence or what is commonly referred to as "safe sex."

Such precautions are taken not to protect the health of the patient, whose well-being has already been compromised, rather such precautions are taken to safeguard the health of others. Thus, the duty of a physician in such circumstances extends to those "within the foreseeable orbit of risk of harm." *Doyle v. South Pittsburgh Water Co.*, 414 Pa. 199, 207, 199 A.2d 875, 878 (1964). If a third person is in that class of persons whose health is likely to be threatened by the patient, and if erroneous advice is given to that patient to the ultimate detriment of the third person, the third person has a cause of action against the physician, because the physician should recognize that the services rendered to the patient are necessary for the protection of the third person.

*Id.* at 424–25. Similarly, in *Emerich*, the Supreme Court held that a healthcare provider had a duty to warn of a patient's threat of serious bodily injury to a "specifically identified or readily identifiable third party." *Emerich*, 720 A.2d at 1043.

In essence, *DiMarco* and *Emerich* identified two special relationships in which a health care provider owes a duty to an ascertainable non-patient third party. In this case, Appellants invites us to expand the holdings of *DiMarco* and *Lynch* to encompass a foreseeable risk to a segment of the public susceptible to injury by a motor vehicle driven by the patient of a methadone clinic. In this past, this Court has consistently declined similar invitations.

- 8 -

In *Hospadar v. Schick*, 885 A.2d 986 (Pa. Super. 2005), *appeal denied*, 903 A.2d 1234 (Pa. 2006), the plaintiffs' estates filed malpractice actions against the treating doctor of the driver whose car collided with and killed them. The doctor was aware of two prior incidents in which the driver blacked out while driving, yet the doctor's disclosure to the Pennsylvania Department of Transportation[4] stated only that the doctor did not know whether the driver suffered from a disability that prevented him from safe operation of a vehicle. *Id.* at 988. The *Hospodar* Court recognized that a doctor's noncompliance with Vehicle Code notification requirements does not create a private cause of action. *Id.* at 990 (**citing** *Witthoeft v. Kiskaddon*, 733 A.2d 623 (Pa. 1999)). This Court further held that the driver knew of his prior blackouts while driving and therefore was aware of the risk of driving a car with his condition. *Id.* We therefore concluded the plaintiffs' estates had no cause of action against the doctor. *Id.* *See also Heil v. Brown*, 662 A.2d 669 (Pa. Super 1995) (holding that the mental health provider owed no duty to a police officer whose van was struck by a patient suffering from a psychotic episode), *appeal denied*, 680 A.2d 1162 (Pa. 1996); *Crosby v. Sultz*, 592 A.2d 1337 (Pa. Super. 1991) (holding that the doctor of a diabetic patient owed no duty to third parties injured by the patient in a car accident).

---

[4] The Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 1518, requires health care personnel to report disabilities that potentially render a person unfit to drive.

In **McCandless v. Edwards**, 908 A.2d 900 (Pa. Super. 2006), **appeal denied**, 923 A.2d 1174 (Pa. 2007), the plaintiffs accused the defendant methadone clinic of oversupplying its patient with methadone in violation of federal regulations.  A family member of the patient stole some of the patient's methadone and sold it to the decedent, who fatally overdosed on it.  **Id.** at 902.  In discerning whether a duty existed, the **McCandless** Court relied on the following five-factor test:

> (1) The relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

**Id.** at 903-04.[5]  In **McCandless**, there was no relationship between the parties, the methadone clinic provided a valuable service of rehabbing drug addicts; it was not foreseeable that methadone would be stolen from a patient and sold to another who would fatally overdose on it; imposing a duty would effectively prohibit methadone clinics from disbursing take-home medication; and imposing a duty would harm the public interest inasmuch as incapacitated drug addicts would be unable to take medication at home.  **Id.** at 904.  The **McCandless** Court held that the trial court did not err in finding no duty on the part of the methadone clinic.

---

[5]  This test is derived from **Althaus v. Cohen**, 756 A.2d 1166, 1169 (Pa. 2000).

- 10 -

We conclude that the foregoing precedents are dispositive of the instant case. *DiMarco* and *Emerich* involved identifiable and easily foreseeable third parties. In *Hospodar*, *Witthoeft*, *Heil*, *Crosby*, and *McCandless*, the injured party was not identifiable or foreseeable prior to the accident. Rather, the doctor's duty in those cases, if a duty was held to exist, would have been to a segment of the general public. In *Hospodar*, this Court found the doctor not to be liable to car accident victims even though he was aware of his patient's prior black outs behind the wheel of a car. Instantly, Appellant's allegations establish only that the RHJ Parties were aware of Ramsay's prior ingestion of marijuana and non-prescription anxiety medications during the course of his methadone treatment. There is no allegation that the RHJ Parties knew Appellant drove intoxicated as a result of his ingestion of other substances along with his prescription methadone. Thus, the foreseeability of the tragedy in the instant case was even less than that in *Hospodar*. Given this Court's repeated refusal to impose a duty in the cases referenced above, all of which are binding on this panel, we cannot conclude the RHJ Parties owed any duty to the Decedent in the instant case.

The same result obtains under the *Althaus* factors. There was no relationship between Decedent and the RHJ Parties. As in *McCandless*, the RHJ Parties are in the business of rehabilitating people who suffer from drug addiction—a valuable service. Decedent was not a foreseeable victim, in contrast to the facts of *DiMarco* and *Emerich*. The consequence of imposing

a duty on the RHJ Parties in this case would be to expose them to liability to the public at large in the event of a car accident involving a patient. We have already explained that binding precedent prevents this panel from imposing a duty on the RHJ Parties under circumstances present here. Finally, given the lack of foreseeability of the victim, and the strong public interest in the rehabilitation of users of illicit drugs, we do not believe the public interest is served by imposing a duty on the RHJ Parties in this case. For all the foregoing reasons, we reject Appellant's first argument. The trial court did not err in declining to impose a duty on the RHJ Parties in this case.

In their second argument, Appellant's claim the trial court erred in failing to accept as true the allegations in their complaint. After careful review, we discern no support for Appellants' claim.[6] Further, in conducting our own review, we have accepted as true the alleged facts as well as all inferences reasonably derived therefrom. We have arrived at the same conclusion as the trial court. Thus, even if Appellants were correct in claiming that the trial court failed to accept all the alleged facts as true, the court reached the correct conclusion.

Finally, Appellants argue that the trial court erred in dismissing their complaint rather than granting leave to amend. Rule of Procedure 1033 permits amendment of pleadings with consent of the adverse party or leave

---

[6] Appellants do not devote a section of their brief to this argument, in violation of Pa.R.A.P. 2119(a).

- 12 -

of court. Pa.R.C.P. 1033(a). "Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." **Hill v. Ofalt**, 85 A.3d 540, 557 (Pa. Super. 2014). On the other hand, a trial court does not err in refusing to permit an amendment where the amendment would be futile. **Carlino v. Whitpain Inv'rs**, 453 A.2d 1385, 1388 (Pa. 1982). The outcome of this case rests on legal rather than factual insufficiency. Appellants do not specify any additional facts that might support the finding of a legal duty under the precedents analyzed above. We therefore discern no error in the trial court's decision not to permit further amendment.

For all the foregoing reasons, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/14/2023

- 13 -