J-A06007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM LAVELLE AND LISA LAVELLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT MARSHALL, INC. | : | No. 2532 EDA 2024 |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANC ENVIRONMENTAL, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRIS MCKINNEY D/B/A NO DIG | : | |
| PIPE REPAIR | : | |

Appeal from the Judgment Entered August 19, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2019-14162

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 28, 2025**

Appellants, William and Lisa Lavelle, appeal from the consent judgment entered in the court of Common Pleas of Montgomery County. After careful review, we affirm.

Mrs. Lavelle entered a contract for plumbing services with Robert Marshall, Inc. ("Marshall") to remedy a plumbing emergency that transpired at their home in December 2017. Mr. Lavelle was hospitalized at the time.

---

* Former Justice specially assigned to the Superior Court.

Once the work was completed, Mrs. Lavelle tested the plumbing and reviewed and signed the bill presented by Marshall.

Six months after Marshall completed its work, Mr. Lavelle hired a contractor, IT Landes, to run a camera through the sewer line "to put eyes on the situation," despite there being no reported plumbing problems. N.T. William Lavelle Dep., 2/16/22, at 88. After reviewing the video footage, Mr. Lavelle claimed to observe "delamination" on the cured-in-place pipe ("CIPP") installed by Marshall. *Id.* at 98. Appellants subsequently hired Zoom Drain to replace their sewer line over two years after Marshall completed its work.

On May 28, 2019, Appellants filed a complaint initiating this matter. Following preliminary objections, Appellants filed an amended complaint on July 19, 2019, in which they alleged breach of contract, breach of the implied warranty of workmanlike construction, breach of express warranty, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law[1] ("UTPCPL").

Discovery was complete on March 31, 2023. Notably, Appellants did not produce any expert reports. On June 23, 2023, Marshall filed a motion for summary judgment, alleging that Appellants' claims failed as a matter of law for failure to produce any expert reports to substantiate their claims. In response, Appellants produced a document from IT Landes, dated November

_____

[1] 73 P.S. § 201-1-§ 201-10.

18, 2018, detailing its observations inside the CIPP, and an unsigned invoice from Zoom Drain, dated April 28, 2020, describing the remediation work it performed to the septic line.

On June 9, 2023, Appellants filed a motion to amend, which included a proposed second amended complaint that sought to add Marshall's president as a defendant and an additional cause of action for fraud based on Marshall's production of an allegedly fabricated document during discovery. Marshall filed a response in opposition, maintaining that it would be severely prejudiced if the court were to allow the second amended complaint. The trial court denied Appellants' motion on August 7, 2023.

On July 31, 2023, Appellants filed opposition to Marshall's motion for summary judgment, alleging the reports by IT Landes and Zoom Drain were sufficient to guide the jury to find that Marshall breached its duties under the contract, and witness testimony was sufficient to prove that Marshall had engaged in deceptive conduct, thereby supporting their UTPCPL claim.

On November 2, 2023, the trial court held oral argument on the motion for summary judgment. The trial court entered summary judgment and included findings of fact in its order. **See** Summary Judgment Order, 12/6/2023, at 1-3. The court dismissed all Appellants' claims except for the breach of contract claim as it related to the interest charged by Marshall for financing the work and remanded the matter to arbitration for determination of that issue. **See id.**, at 3-4. Following arbitration, an appeal to the trial level

- 3 -

ensued, and on July 29, 2024, the trial court conducted a pre-trial conference. However, on August 19, 2024, the parties filed, and the court entered, a consent judgment that reads as follows:

> WHEREAS, the Parties to this matter have agreed to enter into a consent judgment for the claims that remain in this matter currently;
>
> WHEREAS, the Court entered an order on December 6, 2023 granting summary judgment on all of Plaintiffs' claims except for the issue of whether Defendant Marshall [properly charged] interest to Plaintiffs;
>
> WHEREAS, the [Plaintiffs] assert that the Court erred in granting summary judgment and wish to proceed with an appeal of the Court's rulings in the most expedient manner possible while still preserving their right to appeal;
>
> WHEREAS, the Parties have preliminarily agreed to move this matter toward an appeal;
>
> NOW THEREFORE, upon the consent of Plaintiff and Defendants it is hereby Ordered Adjudged and Decreed that:
>
> 1. The Parties hereto agree that judgment shall be entered in favor of Defendants and against Plaintiffs on the remaining issue of whether Defendant Marshall properly charged interest.
>
> 2. The judgment shall be without prejudice to Plaintiffs' rights or ability to appeal the Court's prior rulings in this matter.
>
> 3. The entry of this judgment shall be considered a final order in this matter for purposes of appeal.
>
> 4. By applying their signatures below, counsel for the Parties signify their understanding of this Order and their agreement to abide by its terms unless it is modified or superseded by this Court.

Consent Judgment Order, 8/17/24.[2]

On September 3, 2024, Appellants filed a notice of appeal of the consent judgment, and on September 25, 2024, Appellants timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on October 2, 2024.

Appellants present the following six issues for our review:

1.      Did the Trial Court err in granting the Defendant's Motion for Summary Judgment based on faulty legal determination that Plaintiffs are required to present expert testimony to sustain an action negligence?

2.      Did the Trial Court err in granting Defendant's Motion for Summary Judgment where they made factual determinations in favor of the moving party which is prohibited by applicable case law?

3.      Did the Trial Court err in determining that expert testimony was required to support the Plaintiffs' claims in this case?

4.      Did the Trial Court err in determining that Plaintiffs failed to meet the standard to overcome summary judgment where there was clear testimony and evidence that the work done by Defendants was faulty and required repair shortly after Defendants installed the pipe at issue?

5.      Did the Trial Court err in denying the Plaintiffs ability to amend their Complaint to add claims discovered during the last deposition before the discovery deadline where the witness testified that discovery provided by Defendants was fraudulent

_____

[2] We note that, although an order entered by consent of the parties is generally not appealable, *see Prensky v. Talaat*, 291 A.3d 25, 30 (Pa. Super. 2023), because the stipulated judgment here contemplates appellate review, this matter is properly before us, *see Laird v. Clearfield & Mahoning Ry. Co.*, 916 A.2d 1091, 1094 (Pa. 2007).

and fabricated [] given the liberal standard generally applied to motions to amend?

6.  Did the Trial Court err in denying the Plaintiffs the ability to amend their Complaint where Plaintiffs promptly sought said amendment after discovering evidence providing a basis for the additional counts Plaintiffs sought to add?

Appellants' Brief, at 6-7 (suggested answers omitted).

However, Appellants' brief violates Pa.R.A.P. 2119(a) by dividing the argument into 3 rather than 6 parts. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Therefore, for ease of disposition, we arrange our analysis consistent with the 3 issues identified in the argument section of Appellants' brief: (1) the court erred in finding Appellants were required to produce expert testimony to support their claims; (2) the court erred in entering summary judgment; and (3) the court erred in denying Appellants' motion to amend. ***See id.*** at 15, 18, 26.

First, Appellants claim the trial court's entry of summary judgment "was based on the mistaken notion that Plaintiffs were required to produce expert testimony in order to sustain their claims" where the subject matter at issue concerns "nothing particularly specialized." Appellants' Brief, at 15, 18. Appellants aver that expert testimony was not necessary because "the

evidence in this case showed that the work done by [Marshall] failed almost instantly and needed extensive repair." *Id.* at 18.

The Pennsylvania Rules of evidence permit a witness who is qualified as an expert to testify on matters concerning the expert's specialized knowledge to assist the trier of fact with understanding evidence or determining a fact in issue. *See* Pa.R.E. 702. Accordingly, our courts have determined that expert testimony may be required if the issues presented to the fact finder are "beyond the scope of knowledge of the ordinary layperson." *Electron Energy Corp. v. Short*, 597 A.2d 175, 180 (Pa. Super. 1991). Only

> [i]f all the primary facts can be accurately described to a jury and if the jury is capable of comprehending and understanding such facts and drawing conclusions from them as are witnesses possessed of special training, experience, or observation, then there is no need for the testimony of an expert.

*Young v. Com., Dept. of Transp.*, 744 A.2d 1276, 1278 (Pa. 2000) (citation omitted).

The trial court determined that the following allegations set forth in Appellants' amended complaint were relevant to summary judgment: Marshall did not perform work properly; Marshall was supposed to install CIPP, which involves lining the pipes with a substance to repair failures; Marshall's installation of CIPP was unnecessary and performed incorrectly, and Appellants now need to pay someone to fix the pipe; per the agreement, Marshall was to perform the work in a good and workmanlike manner; Marshall provided Appellants with materials and work that were represented

to be of a certain character and were instead of another; Marshall utterly failed to meet even the most basic standards of construction. **See** Summary Judgment Order, 12/6/2023, at 1-2. The trial court determined that expert testimony in plumbing construction and plumbing related damages was required to prove these allegations, as they concern matters unique to plumbing and construction repair, which are beyond the understanding of a lay person. **See id.** at 2 n.1. We agree.

The work at issue in this case involved repairs to a residential sewer line, and specifically, the installation of CIPP. Contrary to Appellants' assertions, we agree with the trial court that determining whether the CIPP at issue was necessary to remedy the plumbing emergency, installed properly, priced fairly, or whether it required remediation is not within the scope of knowledge of the ordinary lay person. **See Young**, 744 A.2d at 1278.

Accordingly, the trial court properly concluded that expert testimony in plumbing construction and plumbing related damages were necessary to prove Appellants' allegations. **See Electron Energy Corp.**, 597 A.2d at 180.

Next, Appellants maintain that the trial court erred in granting summary judgment on their claims of breach of contract, breach of express and implied warranties, and violation of the UTPCPL because there were genuine issues of material fact which warranted a trial. **See** Appellants' Brief, at 19.

The trial court noted that during oral argument on the motion for summary judgment, Appellants' position was not that expert testimony was

unnecessary, but rather, that the documents from Zoom Drain and Lavelle Septic Tank Supply Line constituted expert reports. *See* Summary Judgment Order, 12/6/2023, at 3.[3] The court determined these were not expert reports capable of establishing the causes of action alleged. We agree.

We review an order granting summary judgment using the following principles:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all evidence in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.
>
> Motions for summary judgment implicate the plaintiff's proof of the elements of [her] cause of action. Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). In other words, "whenever there is no genuine issue of any material fact as to a necessary cause of action or defense which could be established by additional discovery or expert report," Pa.R.C.P. 1035.2(1), and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are

_____

[3] Appellants maintain this was a "mischaracterization" of their argument by the trial court that is "simply factually wrong." Appellants' Brief, at 16. Pursuant to Pa.R.A.P. 1921, "it is an appellant's duty to [ensure] that the certified record contains all documents necessary for appellate review, and when a necessary document is not included in the certified record, we may find the issue waived on appeal." *Century Indemnity Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 809 (Pa. Super. 2017) (citation, quotation marks, and brackets omitted). Here, the certified record does not contain a transcript of testimony from oral argument on the summary judgment motion. Accordingly, we will not address this allegation further.

undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but we may reach our own conclusions. We will disturb the trial court's order only upon an error of law or an abuse of discretion. Judicial discretion requires action in conformity with the law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure.

*Genell v. Fleetwood Bank*, 326 A.3d 93, 102 (Pa. Super. 2024) (citations and quotation marks omitted); *see DiDomizio v. Jefferson Pulmonary Assoc.,* 280 A.3d 1039, 1045 n.4 (Pa. Super. 2022) ("To survive a defense motion for summary judgment, a plaintiff must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor.") (internal quotation marks and citation omitted); *see also Young*, 744 A.2d at 1277 ("A jury [cannot] be allowed to reach a verdict merely on the basis of speculation or conjecture.") (citation omitted).

"[A] typical breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages." *Zokaites Contracting Inc. v. Trant Corp.*, 968 A.2d 1282, 1287 (Pa. Super. 2009) (citation omitted).

Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provided otherwise, whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably

foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.

***Helpin v. Trustees of University of Pennsylvania***, 10 A.3d 267, 270 (Pa. 2010) (citation omitted).

"The purpose of the UTPCPL is to protect the public from unfair or deceptive business practices. Our Supreme Court has stated courts should liberally construe the UTPCPL in order to [affect] the legislative goal of consumer protection." ***Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC***, 40 A.3d 145, 151 (Pa. Super. 2012) (citations omitted). "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425, 438-39 (Pa. 2004) (citations omitted). Notably, the UTPCPL contains a catchall provision that prohibits engaging in "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). Furthermore, this Court has recognized that in the context of construction warranties, "[i]t is the ***failure*** to honor the warranty, not necessarily the issuance of the warranty that triggers liability and generates a UTPCPL claim." ***Krishnan v. Cutler Group, Inc.***, 171 A.3d 856, 886 (Pa. Super. 2017) (emphasis in original; citation omitted).

As a preliminary matter, we observe Appellants' contention that the trial court erred in determining expert testimony was required to sustain their negligence claim. However, the trial court determined Appellants' amended complaint was the operative document for establishing Appellants' four causes of action, and notably, Appellants did not include a count of negligence in their amended complaint. **See** Summary Judgment Order, 12/6/2023, at 1; **see also** Amended Complaint, at 4-8. Accordingly, we find Appellants' contention that the trial court abused its discretion regarding a negligence claim is contrary to the record and therefore lacks merit.

Appellants argue the trial court erred in granting summary judgment on their breach of contract claim because they presented sufficient evidence to show that Marshall breached its duties under the contract, which contained a provision requiring Marshall to "perform the work in a good and workman like manner." **See** Appellants' Brief, at 19. We disagree.

Neither party disputes the existence of a contract or that the terms of the contract required the work to be performed in a good and workmanlike manner. Rather, the parties dispute the elements of breach and damages. Notably, this case does not involve a simple determination of whether a specific contractual obligation was performed, but rather, it would require a factfinder to determine whether the work was performed in accordance with specific standards pertaining to plumbing construction and repair. Accordingly, we agree that expert testimony would be necessary to establish that Marshall

breached the duty imposed by the contract because determining whether the CIPP was installed in a good and workmanlike manner requires specialized knowledge beyond that of an ordinary lay person. *See Electron Energy Corp.*, 597 A.2d at 180.

Appellants' reliance on the IT Landes report and the Zoom Drain invoice to establish breach and damages is unavailing. *See* Appellants' Brief, at 19-20. The IT Landes report, which is not an expert report, merely describes conditions observed within Appellants' sewer line and proposes potential causes, but it does not establish whether the work Marshall performed breached any duty under the contract. Similarly, the Zoom Drain invoice merely describes the work Zoom Drain performed and the cost associated with its remediation, but it does not establish whether the additional work was required because Marshall breached any contractual obligation. Further, because Appellants failed to establish whether Marshall breached the contract, Appellants also failed to establish damages. *See Helpin*, 10 A.3d at 270.

Accordingly, the trial court properly concluded Appellants' breach of contract claim fails as a matter of law due to Appellants' failure to produce an expert report to support their claim, and Marshall was entitled to summary judgment on this count.

Similarly, Appellants claim the trial court erred in granting summary judgment on their breach of express and implied warranty claims on the basis that expert testimony was required. Specifically, Appellants argue that the IT

Landes report and Zoom Drain invoice "show Marshall's failure to provide the necessary materials and perform the work in a good and workmanlike manner as set forth in the express warranty of the December 23, 2017 contract and failure to meet the basic standards of construction under the implied warranty of workmanlike construction[.]" *See* Appellants' Brief, at 25. We disagree.

Appellants did not establish that either warranty was breached. Again, expert testimony would be necessary to establish whether or how the work performed by Marshall failed to meet the good and workmanlike manner standard or the standards of construction for installing CIPP. Moreover, without expert testimony on plumbing construction, repair, and pricing, Appellants failed to establish that the work performed by Marshall required remediation or that any subsequent repair costs were attributable to Marshall's alleged breach of either warranty.

Therefore, the trial court correctly determined Appellants' breach of warranty claims failed as a matter of law, and Marshall was entitled summary judgment.

Next, Appellants claim that Marshall violated the UTPCPL because it engaged in fraudulent and deceptive conduct when it (1) "quoted a price and engaged in a project on the Property without having anyone with training or expertise in its organization about the nature of the work that needed to be done; nor, most importantly[,] [it] never disclosed to Appellants that [it] had no experience in this area" and (2) "used deceptive up-sell methods to extract

- 14 -

more money from [Appellants] than was necessary to fix the issues with the property." Appellants' Brief, at 22-23.

The trial court acknowledged that, in their response to the motions for summary judgment, Appellants alleged factually specific "deceptive business practices" to support their UTPCPL claim, which would not require expert testimony. *See* Summary Judgment Order, 12/6/2023, at 3. However, the court determined that it could not consider "factual allegations in support of a layperson understanding of 'deceptive business practices'" because they were not alleged in the amended complaint. *Id.* We agree.

> Pennsylvania is a fact-pleading jurisdiction; as such, a complaint must provide notice of the nature of the plaintiff's claims and also summarize the facts upon which the claims are based. Rule of Civil Procedure 1019(a) and (b) encapsulate this theory. Rule 1019(a) provides that in pleadings, "the material facts on which a cause of action or defense are based shall be stated in a concise and summary form. Rule 1019(b) requires that "averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally." The purpose of these rules is to require the pleader to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against.

***Commonwealth by Shapiro v. Golden Gate National Senior Care LLC***, 194 A.3d 1010, 1029-30 (Pa. 2018) (brackets and citations omitted). In the context of the UTPCPL, our Supreme Court has found that UTPCPL claims met the specificity requirement of Rule 1019 and were not "baseless subterfuge" where the complaint contained numerous allegations of specific incidents of fraudulent or deceptive conduct, which were likely to cause confusion or misunderstanding, and identified the precise provisions of the UTPCPL that

were violated, because the pleaded allegations "adequately detail[ed] the nature of the claims so as to permit the Appellees to prepare a defense." *Id.*

Here, Appellants alleged the following to support their UTPCPL claim in their amended complaint: Marshall specifically and purposely represented certain work and repairs were needed; Mrs. Lavelle relied entirely on Marshall's expertise; Marshall's actions and omissions amounted to fraudulent and deceptive conduct which created a likelihood of confusion and misunderstanding; Marshall failed to adhere to explicit warranties regarding the work; Marshall represented certain work was needed when it was not; Marshall provided materials and work that were represented to be of a certain character and were instead of another. *See* Amended Complaint, 7/19/2019, at 6. Although Appellants allege specific incidents of deceptive conduct on appeal, none of the allegations raised in Appellants' amended complaint identify specific incidents of fraudulent or deceptive conduct that violate specific provisions of the UTPCPL. *See Commonwealth by Shapiro*, 194 A.3d at 1029-30.

Moreover, under the circumstances of this case, expert testimony on plumbing construction or repair would be necessary to show that Marshall engaged in any wrongful conduct by installing CIPP because determining whether its installation was appropriate or whether the materials used and the work provided were adequate requires specialized knowledge beyond that of a lay person. *See Electron Energy Corp.*, 597 A.2d at 180.

Accordingly, the trial court did not err in granting summary judgment on Appellants' UTPCPL claim.

Appellants claim the trial court erred in granting Appellees' motions for summary judgment because it impermissibly "made factual determinations in favor of the moving party." Appellants' Brief, at 6. This issue does not merit relief.

"It is well-settled that the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Commonwealth v. Taylor**, 277 A.3d 577, 590-91 (Pa. Super. 2022) ("When issues are not properly raised and developed in briefs, or when briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof.") (citations omitted).

Appellants do not provide a discussion of this issue or allege which factual inferences the trial court made in favor of Appellees. Moreover, our review of the findings of fact made by the trial court revealed no finding that would support this allegation. **See** Summary Judgment Order, 12/6/23, at 1-3. Accordingly, we find this issue does not merit relief.

Finally, Appellants claim the trial court erred in denying their motion to amend the complaint to plead a count of fraud for documents they allege Marshall fabricated in discovery. **See** Appellants' Brief, at 26-27. Appellants argue that the trial court erred in concluding their amendment would be futile for lack of expert testimony because expert testimony is not required to plead

a count of fraud. *See id.* at 27. Additionally, Appellants argue that Marshall would not be prejudiced by Appellants amending their complaint because the evidence to establish the count of fraud is consistent with evidence that would be admissible at trial under the current complaint, and Appellants sought to amend their complaint when they first learned of the issue. *See id.* at 28-29.

A party may seek leave of court to amend a pleading. *See* Pa.R.C.P. 1033(a). "Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Ritz v. Ramsay*, 305 A.3d 1056, 1064 (Pa Super. 2023) (citation omitted). Additionally, "a trial court does not err in refusing to permit an amendment where the amendment would be futile." *Id.* (citation omitted); *see also Bayada Nurses, Inc. v. Commonwealth, Dep't of Lab. & Indus.*, 8 A.3d 866, 884 (Pa. 2010) ("a court is not required to permit amendment of a pleading if a party is unable to state a claim on which relief could be granted.") (citation omitted).

> A claim for fraud requires the plaintiff to prove the following: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Marion v. Bryn Mawr Trust Co.*, 288 A.3d 76, 87 (Pa. 2023) (citation and internal quotation marks omitted). The measure of damages in an action for

- 18 -

fraud is actual loss. ***See GMH Assocs., Inc. v. Prudential Realty Grp.***, 752 A.2d 889, 905 (Pa. Super. 2000).

Appellants were unable to state a claim of fraud to the trial court. They provided no discussion in their brief of the elements of fraud or explanation as to how the alleged fraudulent conduct, i.e., the production of a fabricated document during discovery, satisfied those elements. ***See Taylor***, 277 A.3d at 590-91. Furthermore, the certified record contains no evidence that Appellants suffered an actual loss from the production of the allegedly fraudulent document; consequently, they did not state a claim of fraud on which relief could be granted. ***See Bayada Nurses, Inc.***, 8 A.3d at 884

Accordingly, the trial court did not abuse its discretion in denying Appellants' motion to amend their complaint.

Based upon our review of the certified record, we discern no abuse of discretion. The trial court properly granted Appellees' motion for summary judgment, and we affirm.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025